___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
           COUNSEL/PARTIES OF RECORD

            MAR 1 7 2011

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) 2:05-CR-416-RCJ-GWF |
| v. | ) |
| LEONARD JAMES SHOVE, | ) **ORDER** |
| Defendant. | ) |
| _____ | ) |

Currently before the Court is a Motion to Vacate under 28 U.S.C. § 2255 filed by Defendant Leonard James Shove ("Defendant") on September 16, 2009 (#96). For the following reasons, the Court denies the motion.

## BACKGROUND

On November 2, 2005, Defendant was indicted on charges that he violated 18 U.S.C. § 2252(a)(5)(B). The allegations in the indictment involved Defendant's possession of numerous images of child pornography. On May 15, 2007, Defendant entered a guilty plea, pursuant to a written plea agreement, to the charge in the indictment.

In his plea agreement, Defendant admitted that he was guilty of the charged offense. Specifically, Defendant admitted under penalty of perjury that he had previously been convicted of Possession and Receipt of Child Pornography on March 21, 2003, in Case No: 2:02-cr-413-RLH-LRL, and that while on supervised release for that conviction he possessed pornographic material, some of which consisted of images involving children. Defendant admitted that these images, which depicted children around the age of ten and eleven, could be found on both his home computer and a laptop computer he had brought to a pawn shop. In addition, Defendant admitted that during a search of his residence, a secret compartment was found that included numerous items including floppy disks, a Zip disk, and a digital

camera.  Defendant admitted that there was a computer hard drive at a storage facility which also contained images of child pornography.  Defendant further admitted that numerous images and videos of child pornography were on his computer hard drives and the computer media seized at his house. Some of the images and/or videos included depictions of prepubescent children and/or children under the age of 12.

On May 16, 2007, the Court conducted a hearing on Defendant's change of plea.  Pursuant to the Court's comprehensive plea colloquy, the Court canvassed Defendant regarding his health and competency to enter a plea.  Defendant was advised of his rights, the nature of the charges to which he was pleading, and the possible penalties that could be imposed under statute and the sentencing guidelines.  The Court found that there was a factual basis for the plea and that it was entered voluntarily. Thus, the Court accepted Defendant's plea.

Of relevance for this motion, during the plea colloquy, the Court asked Defendant the following questions:

THE COURT: Mr. Shove, your attorney had fully informed and advised you concerning the charge in this case, correct?

THE DEFENDANT: Yes.

THE COURT: And are you satisfied with your attorney?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the advice that your attorney has given you?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied that your attorney has done everything that you wanted done?

THE DEFENDANT: Yes.

*See* Transcript of Change of Plea, at pp. 4-5, dated May 15, 2007.[1]

---

[1] The Court again asked Defendant these same questions when discussing Defendant's decision to enter a plea in the case.  *Id.* at 8.  Again, Defendant stated that his attorney had fully informed Defendant regarding the charges against him, the plea agreement, and Defendant's proposed guilty plea. Defendant stated that he was satisfied with his attorney and with the advice his attorney had given him.

2

1      Prior to sentencing in this case, Defendant sent the Court a letter in which he stated that the

2    discovery in his case was inaccurate. Defendant stated that he discussed this issue with his attorney, but

3    that his attorney "would not help" him. (Letter (#67)). Rather, Defendant stated that his attorney

4    reiterated that Defendant should take the plea deal. *Id.*

5      The Court held a hearing on the issues presented in Defendant's Letter on August 6, 2007. After

6    questioning Defendant about the Letter, Defendant informed the Court that he did not intend to withdraw

7    his plea and that he wished to proceed with sentencing.[2]

8      On October 18, 2007, Defendant was sentenced in this matter and judgment was entered on

9    October 23, 2007. Defendant appealed his case to the Ninth Circuit, and the Ninth Circuit dismissed

10   the appeal.

11      Defendant had now filed a § 2255 motion with this Court.

12               **DISCUSSION**

13      In his § 2255 motion, Defendant argues that his sentence should be vacated because he

14   "never stated he wanted a plea bargain." (Mot. (#96) at 3). According to Defendant, every time he

15   talked to his attorney about his case, the attorney stated that he should take the plea agreement. *Id.* at

16   6. Defendant states that he "felt intimidated" by the prosecutor and his attorney to plead guilty. *Id.*

17      Based on the allegations in Defendant's motion, it appears that he is moving to vacate his

18   sentence based on ineffective assistance of counsel. To demonstrate ineffective assistance of

19   counsel, a defendant must show: (1) that his counsel's performance was deficient; and (2) that the

20   deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104

21   S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test applies to challenges to guilty pleas based on

22   ineffective assistance of counsel claims. *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir.

23   2005)(citing *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985)).

24      "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and

25   intelligent character of his guilty plea by showing that the advice he received from counsel was not

26

27   *Id.*

28      [2] The issues raised in Defendant's letter are identical to the ones raised in his § 2255 motion.

within the range of competence demanded of attorneys in criminal cases." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). Because of the difficulties in evaluating attorney performance in hindsight, courts considering ineffective counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Attorney advice is deficient (i.e., it falls outside the wide "range of competence") only where the guilty plea "is induced by . . .misrepresentation." *Id.* at 638 (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747).

In this matter, Defendant's allegations of ineffective assistance of counsel are without merit. Defendant has provided no evidence that his counsel's performance was deficient and that the deficient performance prejudiced his defense. In addition, Defendant has provided no evidence that his guilty plea was induced by misrepresentation.

Based on the foregoing, the Court finds that Defendant's Motion to Vacate should be dismissed.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#96) is DENIED.


DATED: March 17, 2011

_____
United States District Judge

4